United States v. Garcia-Vasquez, and we will hear first from you, Mr. Austin. Good morning, Your Honors. Evan Austin with the Office of the Federal Public Defender on behalf of Mr. Garcia-Vasquez. I'd like to reserve three minutes for rebuttal. Thank you. May it please the Court. The question in this case is whether a conviction for federal drug conspiracy in violation of 21 U.S.C. Section 846 is a drug trafficking offense under the 2015 version of Guideline Section 2L1.2. The answer is no for two reasons. First, the plain text of 2L1.2 does not include convictions for conspiracy. And the application note that expanded the text to include such convictions did not survive this Court's decision in this year. But the plain text here says drug trafficking offense. We don't have any definition in the Guideline, do we? No, Your Honor. No. So we just have the concept, drug trafficking offense. Yes. How is it that that would not include a conspiracy to trafficking drugs? I mean, drug trafficking offense is a more general category than drug trafficking, correct? Well, Your Honor, I believe that the plain meaning of the term, because it's undefined, you look to the ordinary meaning. Okay. Ordinary meaning. So the ordinary meaning of trafficking is the trading and or dealing. Okay. But the ordinary meaning of offense, I mean, if it said drug trafficking, then I think you're home free. But it says drug trafficking offense, which means something in the nature of an offense related to. Or otherwise I wouldn't have used the word offense. It's superfluous, isn't it? Well, Your Honor, I would suggest that if the Guideline said an offense that involved or an offense that related to, then that would be very broad language. That would include a host of offenses. But the Guideline doesn't include the word involving or relates to. It just says a drug trafficking offense. And I believe that the plain meaning of offense is just a violation of law, a crime. Isn't that exactly the point? Because if we have drug trafficking being used there as an adjective, and it's an adjective for offense, which is anything that's an unlawful conduct, then why wouldn't it encompass conspiracy to traffic and drugs, which you'd agree is an offense, right? Yes, it's certainly an offense. Your Honor, I believe that would be the broadest possible reading of the term. And again, the word conspiracy does not appear in the text. It only appears in the Guidelines. And the Commission could have included, easily could have included that footnote, I'm sorry, that application note in the text of the Guideline if the Commission intended. I went around looking for places where the U.S. Code or the Supreme Court uses the phrase drug trafficking offense, drug trafficking crime. Not used that often. But one place it is used is in Smith v. United States from the Supreme Court in 1993. And just in describing the procedural history, they say, the grand jury returned an indictment charging petitioner with, among other offenses, two drug trafficking crimes, dash, conspiracy to possess cocaine with intent to distribute, and attempt to possess cocaine. They just thought as a matter of ordinary English usage that you would call both of those drug trafficking crimes. So what Judge Rendell's suggesting is the idea that a drug trafficking crime, a drug trafficking offense, might be like a family or a genus, and then the completed or substantive offense is just one species within that family. Why shouldn't we read it that way? Because a phrase often doesn't mean exactly what the three individual parts of the phrase mean. Why shouldn't we read that phrase as a whole, as a broader concept? Well, Your Honor, I'll say that if you do read the phrase that way and you believe that the plain meaning does include convictions for conspiracy, as you're indicating, there is then the second question, which is what types of convictions for conspiracy qualify, and that is the categorical approach aspect. So even if the Court disagrees with us on the Nasir argument and believes that some convictions for conspiracy do fall within the plain text of the guideline, we would still prevail under the categorical approach. Why is that so? I mean, if we were hypothetically to have the view that offense was a crime, and we were talking about the overarching category of drug trafficking crimes, we could certainly anticipate in drafting the federal sentencing guidelines that the Commission had in mind federal crimes as well as state crimes, right? Well, Your Honor, I believe it's because in the background, when there is an undefined term in the guidelines, or a guideline refers to certain offenses, enumerated offenses, this Court does not just include any offense that has the same label as that offense. Under Taylor, this Court gives the listed offense its generic meaning, if it is undefined, and then it compares that generic meaning to the prior conviction. Your Honor, that works well if you've got a crime where it's got particular elements, and then we're looking for a categorical match. But aren't we more in the land of Shular, where we've got a broad term that seems to be more descriptive of conduct than of a particular offense with particular elements? Judge, I don't think so, because if you do look at the text of Application Note 5, which is the application note that I believe the government says still applies after Nassir, the application note refers to the offenses of conspiring, attempting, or aiding and abetting an offense listed in the guideline. So that language, the offenses of, I think clearly indicates a generic offense, and that is what the Fourth Circuit held in United States v. Norman and the Tenth Circuit held in United States v. Martinez-Cruz. So that argument works better if you get us to the commentary. Yes, Your Honor, it's an alternative argument. If the court believes that the plain text includes convictions for conspiracy, there is still the question of what convictions for conspiracy and what does conspiring mean. And it's not defined in the guideline, in the application note, or elsewhere in the guidelines, as far as I'm aware. And so that begs the question, and when terms are undefined in the guidelines, this court gives them their generic meaning. For example, in United States v. Scott, Judge Krause, you wrote the opinion. The question was the meaning of the term robbery in 4B1.2. And you said that when a term is undefined, we don't simply look to the label. We give it its generic meaning. This is a question that the Ninth Circuit posed. Why would the Sentencing Commission intend to exclude from the term drug trafficking offenses a federal conviction for a drug trafficking offense under federal law? Well, Your Honor, I think a few reasons. The first is that, as I believe the dissent in that case pointed out, the enhancement in Section 201.2 applies to a host of types of offenses. Drug trafficking offense is just one category. So it's not as if this holding would knock out the entire enhancement. In addition, Your Honor, I think that the Commission had to use a term that captured not just federal offenses, but also state offenses and local offenses. And it did what it often does, which is it used a generic term that, except that Judge Krause's question is, when it uses a generic term like serious drug crime in Shular, it's not trying to limit it down to something that's a categorical match. If it's a family or genus resemblance we're looking for and not a species one, then the logic of the categorical approach doesn't really apply. Well, Judge Bibas, I believe in Shular that was a different type of provision. The provision in Shular was talking, I believe, about an offense that prohibits. And that is the language of Application Note 1 here, but Application Note 5, which is the application note that brings convictions for conspiracy within the realm, just says the offense of conspiring. So the Commission could have used the word prohibits, the word involves, the words that give a broader meaning, but it said the offense of conspiring. Let's go back to the text of the guideline itself. And where we have a drug trafficking offense, which you have agreed, if we look at it as offense meaning a crime, that drug trafficking, any crime that involves drug trafficking would include conspiracy. How do you reconcile your position that that wouldn't include the quintessential federal conspiracy, right, of 846, with Dawson, where we were dealing with 841 and reasoning that why would the Commission have, why would we read the guideline to exclude what was a quintessential federal controlled substance offense? Your Honor, I think, again, it's because the guidelines are not simply concerned about federal convictions. They're concerned about a host of prior convictions that include federal, but as well as... That's not the point. It includes federal. So the way you're reading it, it's under-inclusive, isn't it? Well, yes, Your Honor, and that is often the result of the categorical approach, which, again, is generally how this Court reads the guidelines. So the government is asking the Court to deviate from the categorical approach here, and it really would be sui generis to this particular guideline, and I don't think there's a reason to deviate from the categorical approach here. And, Your Honor, I would like very briefly to return to the categorical approach and the meaning of conspiring. This Court's decision in Quinteros, the Attorney General, is directly on point. Yes, that was in the immigration context, but there is no reason to apply a different standard in the immigration context. This Court often applies a categorical approach in that context, as well as in the guidelines context. I pointed out in the brief that, in Quinteros, this Court cited a guidelines case in discussing the categorical approach. So, and the language in Quinteros was very similar. You had in the INA a list of offenses that qualify as an aggravated felony, and then in subsection U, it said, conspiracy to commit a listed offense. And this Court read that to mean the generic offense of conspiracy. And, in fact, the prior conviction there was a federal conspiracy conviction. It wasn't drug trafficking, but it was a federal conviction for conspiracy. And the Court found that that was categorically overbroad because it did not require an overt act. So the fact that a federal conviction for conspiracy was being excluded from the federal immigration statute did not prevent this Court from coming to that conclusion under the categorical approach. You say sui generis, but we happen to be dealing here with 2L, and we've got at least a couple of circuits who have come out with perhaps a slightly different approach, concluding that it does include 846. But is it really sui generis when we think about other similar terms, like controlled substance offense, that appear in other guidelines where yet additional circuits have also reached the conclusion that it sweeps in 846? Well, Your Honor, just as the term controlled substance offense, and reading this in context of the entire guidelines, I actually think that that would support us. Because in this year, this Court held that controlled substance offense, as defined, does not include convictions for conspiracy. That's because there was a textual definition of controlled substance offense in this year. I understand that, Your Honor. But just in terms of the guidelines being coherent as a whole, it would be an odd conclusion that drug trafficking offense, which by its plain meaning means something more specific than controlled substance offense, would include convictions for conspiracy where the term controlled substance offense would not. And I see I'm out of time. A final point I would like to make, Your Honor, is that if the Commission intends to include such convictions within this term, it has the ability to do that by amending the guidelines. And that is exactly what is happening this year in the amendment cycle. The Commission has proposed to amend 4B1.2 to include incoit offenses superseding this year, as well as, I believe, to supersede this Court's holding in Scott, which was as to Hobbs Act robbery. So the Commission has a way to add text to the guidelines if the prior text did not include a category of offenses that they intended to include. So that would be the solution here as well, Your Honor. Thank you. Thank you. Mr. Romano. May it please the Court. John Romano for the United States. I don't know where this Court would like me to start. I'll start with the 201.2 issue. As Your Honor has pointed out, this is not Nassir Redux. There's no definition in the guideline to apply. So we're looking at simply the words. And reasonable minds can disagree as to what the words mean. So do we have an ambiguity here? We need to go down that route? Well, Your Honor, I think if we do, then it's the text, purpose, structure, and history of the guideline, which is what Nassir said we should do, what Adair said we should do. And I think if you follow that line, I think you come to the conclusion that an 846 conspiracy for distributing drugs should count as a drug trafficking offense. You pointed out the plain meaning of the term drug trafficking offense. I think, Judge Bevis, you pointed out when people think drug trafficking offense, it includes conspiracy. Well, it's really hard to nail that down because it just doesn't show up as a unit very much. I searched around. So if we're not sure what it means, tie goes to lenity, doesn't it? Your Honor, I don't think we get that far for a couple of reasons. Let's start with, again, the tools we're given. Text. Okay. Drug trafficking offense. I think trafficking is a fairly broad term. I think when we ordinarily think of trafficking, we think of being in the business of. Most people think of conspiracy as being in the business of distributing drugs. Conspiracy does not have to involve actually trading, transacting, even negotiating. Conspiracy can involve two people saying, hey, let's talk about selling something long before they get to a buyer. So they don't get to the level of negotiating or dealing. Sure, but that's also true of possession with intent to distribute. I think everyone would agree that's a drug trafficking offense. In fact, there's a Third Circuit opinion. Well, they didn't possess the drugs. They didn't possess the drugs, but you have the same intent. But conspiracy, you have an agreement. You can be on the phone and say, hey, let's distribute the drugs, and you don't come anywhere near to the conduct of dealing. But you have the same intent, which is you have a common goal to distribute drugs. That's required in a conspiracy. So a common goal to distribute drugs. I'd also point out, of course, that at the time that Congress – Congress defined drug trafficking crime in 924C2 to include conspiracy to distribute drugs. So I think it's fair to say once Congress saw this term, they thought it included conspiracy as well, and that the Commission probably adopted the very same definition, which includes conspiracy. Let's accept our assumption that we've crossed that ambiguity bridge. And so here we are looking at the commentary. Why – we've got the initial fork in the road of do you automatically go to a rule of lenity, as Judge Bibas was asking? What's the government's position on our deference to the commentary? Well, Your Honor, I think that Kaiser makes clear that when you have an ambiguity and you get to commentary, that the agency has significant leeway in defining its own terms. It's an expert in the field. I think Stinson says that as well. But that's after exhausting traditional tools of statutory construction, and lenity is one of those tools. Well, Your Honor, I have a qualm with that, I think, or an issue with that. First of all, no cases that I've seen, certainly the majority opinion in Nasir, Adair, any of those opinions mention getting to lenity before we get to the commentary. We also have Supreme Court opinions saying that lenity you get to when you have, essentially, nothing left to look at. There's no more – nothing left to help you with. There are Supreme Court cases that actually go both ways. Well, as Muscarello says, look, we're done. We have nowhere left to go. We go to lenity, right? Here we have somewhere left to go. First of all, it's not a statute. It's an agency rule, right? Stinson says this is essentially like an agency regulation. That's what the guideline is. And so we have somewhere to go, the commentary. They're experts in the field. They're telling us what they think it means, and we're supposed to give significant leeway to what the commission says or what the agency says the regulation means. Now, at that point, if we're left with, gee, we don't know what this means still, then I think lenity would probably apply, maybe, given Beckles. I'm not sure. And the Third Circuit has never really ruled on that either, to be honest. If you go back and you follow the case law, it goes back to a case called Fleming, which the Third Circuit basically just said, well, we'll assume lenity applies. And, by the way, that guideline happens to be mandatory, so we don't even have a ruling on the advisory guidelines. But I think there's a question there whether it still applies. But at that point, maybe lenity applies. And here I don't think there is – I mean, if you get to the commentary, why wouldn't the commentary apply? I mean, it's a reasonable interpretation of the term. In fact, Congress used that same definition. So how could it not be a reasonable interpretation to include conspiracy in drug trafficking offense? So I think either way, if you get to the commentary, the government should win here. And if you don't get to the commentary, like I said, if you follow down the text, purpose, structure, and history, it makes no sense to think that conspiracy doesn't count as the 16-level enhancement. I mean – If we get that far and we have this term conspiracy showing up in the commentary, why wouldn't we be looking to a generic definition? Well, Your Honor, as you point out, it's a 6-2 split. I think most courts have looked at this and said it makes no sense. I mean, harping back to Judge Rendell's opinion in Dawson, I mean, it would be completely bizarre to think that the commission writing the word conspiracy, which, by the way, is included in the guidelines over and over again to mean Federal conspiracies, the vast majority of which don't require an overt act. It would be odd that in this guideline or in 4B1.2, when they use the term conspiracy, they mean, ah, well, we require an overt act here. That would make very little sense. When you say Federal conspiracies, the majority of which don't involve an overt act, I mean, the majority of Federal conspiracies are under 371, right? Well, that's one conspiracy provision, but there's conspiracy provisions all throughout the code. You know, Hobbs Act conspiracies. I mean, Sherman Act conspiracies. I mean, there's conspiracies everywhere. There's a Fifth Circuit opinion called – I'll get the name wrong – which has footnotes and footnotes of pages with the Federal conspiracies listed. And the number is, you know, the overwhelming majority of them do not require an overt act. And that's because, as the Supreme Court said, if the Congress isn't saying it requires an overt act, then let's assume that it doesn't require an overt act. So if that's sort of the background here, why would the commission write a guideline using the word conspiracy and just in these particular guidelines and require an overt act? It doesn't make any sense. And, like Dawson says, it would be completely bizarre to think that. And, again, the analysis, like you said, Judge Krause, is somewhat differing in some of the opinions. But I think the point is, whichever way you go, whether it's, you know, looking for the meaning of conspiracy or just looking at what the guideline says, the intent of the commission was clearly to include conspiracies that don't include overt acts. Otherwise, you'd be excluding huge amounts of Federal conspiracies. Do we need to wait or ought we await an amendment to the guideline to make that clear? Well, I don't think the present amendments even address that issue. So I think however this court comes out in all of these issues, it would be very nice if the court addressed that issue in this opinion, because it has arisen multiple times. At least, I mean, in the District of New Jersey, I know this is probably the third or fourth case where this issue has been raised. I'm sure it's coming up in other districts as well. The commission doesn't seem to be fixing it. They're putting conspiracy into the text of the guideline. But I don't believe that amendment addresses this particular circuit split. So it would be helpful to everybody, district courts, practitioners, if this court could weigh in and make clear that, yeah, when the commission says conspiracy, like they do in many other provisions of the, again, many other provisions of the guidelines, 2D1.1 says conspiracy, 2X1.1, conspiracy. These are all federal conspiracies which clearly don't require overreacts. So why would the commission in this guideline, I mean, this guideline, quite honestly, will probably never arise again since it was amended a very long time ago. But in other guidelines, this issue comes up, and I think it would help everyone to know that that doesn't require an overreact. It wouldn't make any sense to require that. If this court has no questions, we would ask that the sentence be affirmed, and we would ask for a helpful opinion on the conspiracy issue, which would help everyone going forward. Can I just clarify, you had raised this argument at the end of your brief about mootness. Is the government still pressing that argument, particularly in light of the point you just raised about the need for an opinion? Well, I think the need, well, Your Honor, first of all, I don't think probably given the defendant's position on reply that this would be constitutionally moot anymore. As Judge Rendell pointed out in the Scripps' opinion, there's some Supreme Court authority saying if there's any possible relief, it's probably not constitutionally moot. So I think that given what the defendant has said in reply, it's probably not moot any longer. I would say, though, Your Honor, that there is a harmlessness argument here. Normally, a guidelines calculation, let's assume there's an error here. A guidelines calculation error is generally not harmless. But in most cases, you're looking at the sentence, the actual term of imprisonment imposed. So obviously a guidelines change would affect the sentence that might be imposed. Here, the defendant is not going to get any relief on the term of imprisonment. I mean, he's going to be released in three or four days. He will then likely be deported probably within the month. So quite honestly, he's not going to get any relief on the other end either and will never actually serve his term of supervised release regardless. But to the extent that he can get some sort of relief on the supervised release end, it's not clear to me that the same presumption of prejudice should apply. I'm sort of thinking of your opinion in Payano, Your Honor, where, again, the link isn't very clear or clean. The argument is, you know, I over-served my term of imprisonment and therefore I should get a shorter term of supervised release. You know, it's not clear to me that that's a prejudice argument that really is of the same ilk, if you will, as a term of imprisonment. And that in script is any theoretical avenue of relief. Well, Your Honor, yeah, I'm not arguing the mootness point here because I think it's probably not moot because there is an avenue of relief. But I am arguing, I think, a harmlessness point here, which is, is it likely that if this case was to go back, that Judge Hayden would really say, yeah, I guess maybe you over-served your sentence, so I'm going to give you less supervised release even though I only gave you a year and even though I explained why it was necessary to deter you because you keep coming back. I think it's unlikely. And so I think there is a harmlessness argument there. And, again, I think it's not the rebuttable presumption that appears in, say, Molina Martinez, but maybe more of the Payano harmlessness. I just want to be clear on the government's position because you keep saying probably not moot. Is it the government's position that it is moot or does the government concede that it is not moot? I'll concede that it's not moot given, again, the position that the defendant took on reply. I think the position the government took in its brief was, to be honest, perfectly appropriate because given what he alleged in his opening brief, he only alleged I will get a shorter term of imprisonment. I think that particular part would be moot. He's now raising the issue about getting a credit for his supervised release or a shorter term of supervised release. I think under Scripps, that means that this issue is not moot. So that's it. Thank you very much. Thank you, Your Honor. Just a few quick points in rebuttal. First, my friend talked a lot about the intent of the Sentencing Commission with regard to the definition of conspiracy. And that's the same argument that the other circuits made that ruled against us on this issue. But if you actually look at the application note, there's a lot of ways that the Sentencing Commission could have been clear to include federal convictions for federal conspiracy. It could have referenced the federal statute. And it did that in defining a lot of the other terms in Section 201.2, but it did not do that in the application note dealing with conspiracy. And the Tenth Circuit pointed that out in Martinez-Cruz. In addition, Your Honor, with regard to the proposed amendments to the guidelines, the commission was considering an amendment that would have defined that term conspiracy, either to include convictions that don't require an overt act or to get rid of the categorical approach altogether. And it did not propose those amendments ultimately. It is proposing to add the language that's actually identical to this application note, the offense of conspiring, into the text of 4B1.2 without defining it. So I think, again. They're keeping the courts in business. Exactly, Your Honor. But also the commission has plenty of opportunities to clarify that it wants to include federal convictions, and it has not done that yet. With regard to the rule of lenity, I would be remiss if I didn't raise it in this case. And I do believe that if there is ambiguity in the text of the guideline, the rule of lenity should come into play. There's some question about when it would come into play. I think perhaps under Kaiser, if the text is ambiguous, the agency's reading still has to be reasonable. And my position is that it would not be reasonable to read an ambiguous text against the defendant and read that ambiguity in favor of the government. And my friend talked about deferring to the experts. I don't think that that concept necessarily applies as much here. The Sentencing Commission is an expert on sentencing. I don't know if the commission is an expert on language any more than the courts. Finally, Your Honor, I want to point out that, with regard, the application note also references attempt, the offense of attempting. And there's a number of cases that have found that that reference is to generic attempt, including some of the circuits that came out the other way on the conspiracy issue. And I can actually, if I can grab my binder, I can give you the names of the cases really quickly, Your Honor. Sure. And I apologize that these were not in the brief, my brief. But, nevertheless, the first circuit. Isn't attempt different, though? Generic attempt, attempt versus conspiracy. I mean, conspiracy, is there a federal attempt crime? I mean, you're analogizing attempt to conspiracy, but there is a federal conspiracy crime. There are many federal conspiracy crimes, and some include overdrafts and some don't. Are there federal attempt crimes? I'm not sure, Your Honor, but, however, I think the question is more methodological, whether you're looking at the generic definition or any convictions for attempt. And a number of courts have said that you have to look at the generic definition, which in the attempt realm requires a substantial step. So it's a very analogous situation. So, very briefly, the first circuit opinion is United States v. Benitez Beltran. That's 892 F3rd 467 to 68. The second circuit opinion is United States v. Castillo, 36 F4th at 442. The fourth circuit, United States v. Dozier, 848 F3rd at 186. The fifth circuit, United States. Can I suggest you send this to us in a letter? Yes, I'm happy to do that, Your Honor. And then we have it, and our law clerks aren't scribbling really fast. I apologize, and I want the government to be able to respond adequately as well, so I'm happy to submit a letter. All right, that'd be great. Okay. Thank you. We ask the court to vacate Mr. Garcia-Vasquez's sentence and remand for resentencing. We thank both counsel for excellent arguments, Frank.